[Cite as *State v. Merriweather*, 2024-Ohio-2945.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                   Court of Appeals No.  L-23-1118

    Appellant                                   Trial Court No.  CR0202202689

v.

Danyelle Merriweather                      **DECISION AND JUDGMENT**

    Appellee                                    Decided:  August 2, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Michael H. Stahl, for appellant.

* * * * *

**DUHART, J.**

**{¶ 1}** Appellant, State of Ohio ("the State"), brings this appeal from the judgment of the Lucas County Court of Common Pleas, dismissing charges against appellee, Danyelle Merriweather, for (1) carrying a concealed weapon in violation of R.C. 2923.12(A)(2) and (F)(1) and R.C. 2923.111(A); and (2) violating a protection order during the commission of a felony in violation of R.C. 2919.27(A)(1) and (B)(4). For the reasons that follow, the trial court's judgment is reversed.

**Statement of the Case and the Facts**

{¶ 2} Merriweather was indicted on three counts in connection with events that transpired on July 10, 2022. Count One charged that she:

> did knowingly carry or have, concealed on [her] person or concealed ready at hand, a handgun other than a dangerous ordnance, and [she] **was legally prohibited from possessing or receiving a firearm under 18 U.S.C. 922(g)(1) to (9) or under section 2923.13 of the Revised Code or any other Revised code provision** and the weapon involved was a firearm that was loaded or for which the offender had ammunition ready at hand, in violation of §2923.12(A)(2) and (F)(1) and §2923.111(A) OF THE OHIO REVISED CODE, CARRYING CONCEALED WEAPONS, BEING A FELONY OF THE FOURTH DEGREE….

(Emphasis added.) Count Two charged her with receiving stolen property in violation of R.C. 2913.51(A) and (C). And Count Three charged her with violating "a protection order issued … pursuant to §2919.26 or 3113.31 of the Revised Code, while committing a felony offense, in violation of §2919.27(A)(1) and (B)(4) OF THE OHIO REVISED CODE, VIOLATING A PROTECTION ORDER, BEING A FELONY OF THE THIRD DEGREE…." (Emphasis omitted.)

{¶ 3} On March 15, 2023, Merriweather filed a motion to dismiss Counts One and Three of the indictment, stating:

> In Count Three, the defendant is charged with Violating a Protection Order by having a weapon in her possession which by implication makes her ineligible to carry a concealed weapon under Ohio's Open Carry Law, resulting in the charge of Carrying a concealed Weapon in Count One. It is

2.

the defendant's position that having a Weapon While Under a Protection Order violates her constitutional rights under the Second Amendment of the United States Constitution….

If defendant is not in violation of having a Weapon While Under a Protection Order, then she becomes an eligible person under Ohio's Open Carry Law.

{¶ 4} A hearing on the motion to dismiss took place before the trial court on April 7, 2023. At the hearing, it was alleged that at approximately 2:00 a.m. on July 10, 2022, Merriweather was called to the area "because of a fire at a duplex she owns," where her brother resides. According to the State, Merriweather, while under a civil protection order ("CPO"), "brandished [her] firearm at the tenant at that location." The violation of the protection order had "nothing to do with the defendant harassing the protected party in that CPO." Instead, it had only to do with "possession of a firearm while the CPO was in place."

{¶ 5} Defense counsel argued that:

under the circumstances of this case … [Merriweather's] going to that neighborhood at that time of night, being a female, her restriction just because of a CPO is not diminished under the Second Amendment. She has the Second Amendment right and … this court should grant the motion to dismiss those two counts.

{¶ 6} The State countered that "here where the defendant has that CPO and the pattern of conduct which a court granted then that protection order, the State believes we

3.

do have a valid governmental interest in limiting her right or her access to a concealed weapon."

{¶ 7} On April 11, 2023, the trial court issued an order granting Merriweather's motion to dismiss. In the order, the trial court stated:

> [T]he essential issue in this motion practice is whether Counts One and Three of the indictment survive the instant motion given that **the sole factual basis for the charges is Defendant's possession of a firearm while under a Civil Protection order (CPO).** The record does not contain a copy of the order, proof of its service, or any information regarding its issuance. The court will presume, then, that the proceedings in the CPO matter were regular and that the CPO itself is not being challenged. The court will also presume, given the parties' representations, that the CPO is the type contemplated by 18 U.S.C. 922(g)(8) (the federal law).

{¶ 8} Citing *United States v. Rahimi*, 61 F.4th 443 (Fifth Cir. 2023) ("*Rahimi I*"), the trial court found it "significant" that the firearms prohibition in the CPO "works to eliminate the Second Amendment right of individuals subject merely to civil process," *id* at 455, fn. 7, and that "[s]uch a restriction fails to pass the historical tradition test." On this basis, the trial court found that Merriweather's CPO "did not prohibit her from possessing a firearm."

4.

## Assignments of Error

{¶ 9} On appeal, the State asserts the following assignments of error:

I. The trial court erred in determining that R.C. 2923.12(A)(2) and (F)(1) and 2923.111(A) were unconstitutional.

II. The trial court erred in dismissing the third count for violation of a protection order during the commission of a felony without a demonstration that there is no conceivable set of circumstances in which the statute would be valid.

## Law and Analysis

{¶ 10} The State argues in its first assignment of error that the trial court erred in determining that R.C. 2923.12(A)(2) and (F)(1) and R.C. 2923.111(A) were unconstitutional. At the outset of her opposition, Merriweather properly points out that the trial court never made a specific finding as to the constitutionality of any Ohio statute. Instead, the trial court's decision, which expressly relied upon the analysis and holding set forth in *United States v. Rahimi*, 61 F.4th 443 (Fifth Cir. 2023) ("*Rahimi I*"), appears to have been based simply, and solely, upon a determination that the predicate offense of 18 U.S.C. § 922(g)(8) was unconstitutional, and that once the "sole factual basis for the charges"-- to wit, possession of a gun while under a CPO -- was found to be a

constitutionally protected activity, Counts I and III of the indictment failed to charge an offense. *See id.* Because the trial court's decision based on the federal law directly impacted the State's ability to charge and convict under Ohio statutes, we will consider the State's first assignment of error within that context.

{¶ 11} We note that the words contained in the trial court's decision state that Merriweather's CPO "works to eliminate the Second Amendment right of individuals subject merely to civil process," and that "[s]uch a restriction fails to pass the historical tradition test according to *Rahimi*[*I*]." Not only does this represent a very broad reading of *Rahimi I,* but, more importantly, *Rahimi I* has since been reversed by the United States Supreme Court in *United States v. Rahimi*, 144 S.Ct. 1889 (2024) ("*Rahimi II*").[1]

{¶ 12} The facts underlying the *Rahimi* decisions are as follows. On February 5, 2020, Rahimi, after being accused of assault by his ex-girlfriend, was placed under a restraining order. The restraining order included findings that Rahimi had committed "family violence," that this violence was "likely to occur again," and that he posed "a credible threat" to the "physical safety" of those protected under the order. *Id.* at 1895. Based on these findings, the restraining order suspended Rahimi's gun license for two years. *Id.* Between December 2020 and January 2021, Rahimi was involved in several

---

[1] Because *Rahimi I* had been appealed to the United States Supreme Court and a decision was expected by the end of the court's June 2024 term, we stayed the current matter pending the decision in *Rahimi II.* In addition, the parties were granted 21 days after the Supreme Court issued its decision to file a supplemental memorandum addressing the impact of *Rahimi II* on the instant case. *Rahimi II* was issued on June 21, 2024. Only the State filed a supplement to its initial brief.

shootings. Following the shootings, he was indicted on one count of possessing a firearm while subject to a domestic violence restraining order, in violation of 18 U.S.C. § 922(g)(8).

{¶ 13} As stated by the U.S. Supreme Court:

> A prosecution under Section 922(g)(8) may proceed only if three criteria are met. First, the defendant must have received actual notice and an opportunity to be heard before the order was entered. § 922(g)(8)(A). Second, the order must prohibit the defendant from either 'harassing, stalking, or threatening' his 'intimate partner' or his or his partner's child, or 'engaging in other conduct that would place [the] partner in reasonable fear of bodily injury' to the partner or child. § 922(g)(8)(B)….Third, under Section 922(g)(8)(C), the order must either contain a finding that the defendant 'represents a credible threat to the physical safety' of his intimate partner or his or his partner's child, § 922(g)(8)(C)(i), or 'by its terms explicitly prohibit[] the use,' attempted use, or threatened use of 'physical force' against those individuals, §922(g)(8)(C)(ii).

*Rahimi II* at 1895-1896.

{¶ 14} Rahimi's restraining order met all three criteria under Section 922(g)(8)(c)(i), but Rahimi challenged the indictment on the grounds that Section 922(g)(8) violated on its face his Second Amendment right to keep and bear arms. The Fifth Circuit Court agreed and, after finding the statute unconstitutional, concluded that Rahimi's conviction under that statute must be vacated. *Rahimi I,* 61 F.4th at 461.

{¶ 15} Reversing the Fifth Circuit Court's decision, the Supreme Court, in *Rahimi II*, held that "[w]hen a restraining order contains a finding that an individual poses a

7.

credible threat to the physical safety of an intimate partner, that individual may –

consistent with the Second Amendment – be banned from possessing firearms while the

order is in effect." *Rahimi II,* 144 S.Ct. at 1896.[2] Based on this holding, the court

determined that Section 922(g)(8)(i) both survived Rahimi's facial challenge and could

lawfully be applied to Rahimi. *Id.* at 1902.

{¶ 16} In light of the Supreme Court's holding in *Rahimi II,* we find that the trial

court erred in its conclusion that a civil protection order could never form the basis for

restricting a person's Second Amendment rights. And because the record does not

contain a copy of the CPO itself, or any information regarding its issuance, we are unable

to engage in any further analysis on the question of whether Section 922(g)(8)(c)(i), or

any other section of the federal statute, would violate Merriweather's rights as applied.

Accordingly, the State's first assignment of error, to the extent that it implicates the

decision in *Rahimi II*, is found well-taken.

{¶ 17} Likewise, the State's second assignment of error, arguing that the trial court

erred in dismissing Count Three of the indictment without a demonstration that there is

no conceivable set of circumstances in which the statute would be valid, is found well-

taken. Because the trial court incorrectly determined that the charge was invalid due to

facial unconstitutionality of the predicate offense, the dismissal was erroneous.

---

[2] The Supreme Court noted that its analysis "starts and stops with Section 922(g)(8)(c)(i)," meaning that it made no determination as to whether regulation under Section 922(g)(8)(C)(ii) is also permissible. *See Rahimi II* at 1898-1899.

{¶ 18} For all of the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is reversed. The matter is remanded to the trial court for rehearing on the issue of whether Counts One and Three of the indictment should be dismissed in this case in light of, and consistent with, the analysis set forth in, *Rahimi II*. Appellee is to pay the costs of appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.       _____
                    JUDGE
Gene A. Zmuda, J.

Myron C. Duhart, J.      _____
CONCUR.                 JUDGE


               _____
                  JUDGE

> This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.